IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO B. MARTINEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1431 |
| JPMORGAN CHASE BANK, N.A., | § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alejandro Martinez ("Martinez" or "Plaintiff") brought this action against defendant JPMorgan Chase Bank, N.A., ("Chase" or "Defendant"), in the 55th Judicial District Court of Harris County, Texas, under Cause No. 2014-25347.[1] Chase removed the action to this court.[2] Pending before the court are Defendant's Motion for Summary Judgment and Brief in Support (Docket Entry No. 16) and Plaintiff/Counter-Defendant's Motion for Final Summary Judgment (Docket Entry No. 18). For the reasons stated below, Defendant's Motion for Summary Judgment will be

---

[1]See Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 9. The case was later transferred to the 152nd Judicial District. Notice of Removal, Docket Entry No. 1, p. 1 ¶1. Page citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[2]Notice of Removal, Docket Entry No. 1.

granted, Plaintiff's Motion for Summary Judgment will be denied, and a judgment will be entered granting Chase declaratory relief.

## I. **Background**

In December of 1999, Plaintiff executed a promissory note and deed of trust that eventually were assigned and/or transferred to Chase.[3] Plaintiff fell behind on payments, and Chase accelerated Plaintiff's loan in June of 2008 (the "2008 Acceleration").[4] Thereafter, the parties entered into a repayment plan agreement, pursuant to which Plaintiff sent – and Chase accepted – payments in amounts less than the full accelerated amount of the loan.[5] Plaintiff again fell behind in payments, and Chase re-accelerated Plaintiff's loan in November of 2010 (the "2010 Acceleration").[6]

---

[3] See Texas Home Equity Note, Exhibit A-1 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, p. 47; Texas Home Equity Security Instrument, Exhibit A-2 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-2, p. 53. Plaintiff states that he is without knowledge or information sufficient to form a belief as to whether Defendant is the current holder of the note or assignee of the deed of trust and therefore denies both. See Plaintiff/Counterclaim-Defendant Alejandro B. Martinez's Answer to Defendant/Counter-Plaintiff's Counterclaim, Docket Entry No. 15, p. 2 ¶¶ 6-7. However, Plaintiff has not raised this as an issue on summary judgment.

[4] Id. at 2 ¶9.

[5] See Letter, Exhibit A-9 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 65-66; JPMC Declaration, Exhibit B to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, p. 119 ¶¶11-12.

[6] Letter, Exhibit A-20 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 101-03.

However, in December of 2012, Chase sent Plaintiff a letter advising Plaintiff that Chase was exercising its right to abandon the 2010 Acceleration, resulting in the restoration of the debt to its original maturity date.[7] In June of 2013 Chase filed an Application for Foreclosure with the District Court of Harris County.[8] This litigation ensued.

## II.  Motions for Summary Judgment

### A.  Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

---

[7]Letter, Exhibit A-24 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 114-16.

[8]Tex. R. Civ. P. 736 Application for Home Equity Foreclosure Order, Exhibit 4 to Plaintiff's Second Amended Complaint, Docket Entry No. 9-4.

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

"In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact." CQ, Inc. v. TXU Min. Co., L.P., 565 F.3d 268, 273 (5th Cir. 2009). "The party must also articulate the precise manner in which the submitted or identified evidence supports his or her claim." Id. (internal quotation marks and citation omitted). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." Id. (same).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." <u>Little</u>, 37 F.3d at 1075.

**B. Analysis**

Plaintiff's Second Amended Complaint asserts a cause of action for quiet title and seeks declaratory and injunctive relief based on the statute of limitations imposed by Texas Civil Practices and Remedies Code § 16.035.[9] Defendant's Counterclaim seeks declaratory relief or, in the alternative, an in rem judgment of foreclosure.[10] Both parties have moved for summary judgment. At issue is whether Chase's cause of action for foreclosure accrued when it accelerated Plaintiff's loan in 2008, or whether the parties thereafter abandoned that and subsequent accelerations such that no cause of action has accrued.

---

[9]Plaintiff's Second Amended Complaint, Docket Entry No. 9, pp. 3-8.

[10]Defendant's Counterclaim, Docket Entry No. 14, pp. 4-5.

1. <u>The parties abandoned the 2008 Acceleration, and Chase is entitled to summary judgment on Plaintiff's claims.</u>

Plaintiff argues that because more than four years have elapsed since Chase first accelerated Plaintiff's loan in June of 2008, the statute of limitations has expired, and Chase's lien and power of sale are void under Texas law. Chase argues that the parties abandoned the 2008 Acceleration by their subsequent agreement and actions.

Under Texas law, a real property lien and the power of sale to enforce it become void if a lender does not seek to foreclose within four years of the day the cause of action accrues. <u>See</u> Tex. Civ. Prac. & Rem. Code § 16.035; <u>Holy Cross Church of God in Christ v. Wolf</u>, 44 S.W.3d 562, 567 (Tex. 2001). "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated." <u>Khan v. GBAK Properties, Inc.</u>, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Where acceleration is optional at the election of the note holder, the cause of action accrues only when the note holder actually exercises its option to accelerate. <u>Holy Cross</u>, 44 S.W.3d at 566. Effective acceleration requires (1) notice of intent to accelerate, and (2) notice of acceleration. <u>Id.</u> at 566. It is undisputed that Chase accelerated Plaintiff's loan on June 19, 2008.[11]

---

[11]<u>See</u> Counterclaim-Defendant's Answer, Docket Entry No. 15, p. 2 ¶9.

A note holder who exercises its option to accelerate may abandon acceleration before the limitations period expires, restoring the contract to its original condition, including the note's original maturity date. Khan, 371 S.W.3d at 353 (citing Holy Cross, 44 S.W.3d at 566-67). "[T]he holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." Holy Cross, 44 S.W.3d at 566-67; see also Rivera v. Bank of America, N.A., No. 4:13CV195, 2014 WL 2996159, at *6 (E.D. Tex. July 3, 2014) ("[A]cceleration was abandoned . . . when Defendants accepted a payment subsequent to the acceleration and opted not to foreclose at that time.") "In addition, acceleration can be abandoned by agreement or other action of the parties." Khan, 371 S.W.3d at 353 (citing Holy Cross, 44 S.W.2d at 567).

The undisputed evidence establishes that the parties abandoned the 2008 Acceleration by their agreement and actions. Chase accelerated Plaintiff's loan on June 19, 2008.[12] That same day Plaintiff contacted Chase regarding repayment options.[13] On July 29, 2008, Chase filed an Application for Home Equity Foreclosure

---

[12]Letter, Exhibit A-11 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1; Counterclaim-Defendant's Answer, Docket Entry No. 15, p. 2 ¶9.

[13]See History Notes, Exhibit B-1 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 132-33.

Order in Harris County, Texas.[14] On August 7, 2008, Chase sent Plaintiff a proposed repayment plan, under which Plaintiff was not required to pay the full accelerated amount of the loan, but instead could bring it current through a number of modified monthly payments.[15] "Regular monthly payments" would resume in June of 2009.[16] Plaintiff signed and returned the plan agreement.[17] Plaintiff made his first payment under the plan, which Chase received on August 19, 2008, and Chase applied that payment to Plaintiff's loan.[18] Chase then dismissed its foreclosure action.[19]

Plaintiff argues that the parties did not abandon acceleration because, under the terms of the repayment plan, "Chase did not give

---

[14]Verified Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order, Exhibit C-1 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, p. 212.

[15]See Letter, Exhibit A-9 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 65-66.

[16]Id. at 66.

[17]See id.

[18]JPMC Declaration, Exhibit B to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, p. 119 ¶11; see History Notes, Exhibit B-1 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 129-30; Factual Stipulation, Docket Entry No. 19. Chase also accepted another payment in October of 2008. JPMC Declaration, Exhibit B to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, p. 119 ¶12.

[19]Motion to Dismiss, Exhibit C-2 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, p. 252.

up or abandon <u>its</u> <u>right</u> to exact remedies, such as foreclosure."[20] This court addressed a similar argument in <u>Mendoza v. Wells Fargo Bank, N.A.</u>, No. H-14-554, 2015 WL 338909, at *4-*5 (S.D. Tex. Jan. 23, 2015), and for substantially the same reasons explained in that opinion, Plaintiff's argument lacks merit.[21] Plaintiff also argues that acceptance of partial payments cannot interrupt the running of limitations.[22] However, the case Plaintiff cites is inapposite. See <u>CA Partners v. Spears</u>, 274 S.W.3d 51, 67 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (holding that partial payments made after <u>maturity date</u> of <u>unaccelerated</u> note did not toll limitations). Nevertheless, that case reaffirms the general rule that after <u>acceleration</u> "[a]cceptance of late payments can restore a note to its 'original terms', i.e., restore the note's maturity date, which, by statute, is the due date of the final installment." <u>Id.</u> Similarly unavailing is Plaintiff's argument that the parties could not have abandoned acceleration because Plaintiff's payments

---

[20]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 21, p. 6 ¶14.

[21]<u>See</u> <u>also</u> Defendant's Reply in Support of its Motion for Summary Judgment, Docket Entry No. 22, pp. 3-5 (arguing, persuasively, that Plaintiff's briefing misconstrues the terms of the repayment plan).

[22]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 21, p. 7 ¶19.

"did not cure the March 2008 default nor the June 2008 acceleration."[23]

Because the undisputed facts establish that the parties abandoned the 2008 Acceleration, no cause of action accrued as a result, and Chase is not barred by limitations from foreclosing pursuant to the note and deed of trust. Therefore, Plaintiff's claims for quiet title and for declaratory and injunctive relief fail as a matter of law.

    2. <u>Chase's letter of rescission was effective to abandon the 2010 Acceleration.</u>

Chase seeks a declaration that it abandoned the 2010 Acceleration such that no cause of action for judicial foreclosure accrued as a result.[24] Where, as here, a security instrument gives a note holder the option to accelerate upon the borrower's default, and the note holder exercises that option, the note holder has "a right to withdraw or revoke its option to accelerate payment." <u>Denbina v. City of Hurst</u>, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ). The note holder can effectively withdraw or revoke its option, i.e., abandon acceleration, by, for example, taking a non-suit in an action on the note, <u>id.</u>, filing a notice of rescission, <u>Clawson v. GMAC Mortg., LLC</u>, No. G-12-212, 2013 WL 1948128, at *4 (S.D. Tex. May 9, 2013), or notifying the borrower

---

    [23]<u>See</u> <u>id.</u> at 8-9; Defendant's Reply in Support of its Motion for Summary Judgment, Docket Entry No. 22, pp. 7-8.

    [24]Defendant's Counterclaim, Docket Entry No. 14, p. 5.

by letter that the note holder rescinds a prior notice of acceleration, <u>Factor v. JPMorgan Chase Bank, N.A.</u>, G-13-266, 2014 WL 3735569, at *1-*2 (S.D. Tex. July 28, 2014).[25]

Plaintiff ceased to make payments under the repayment plan after October 2008. Chase re-accelerated Plaintiff's loan on November 8, 2010.[26] However, on December 13, 2012, Chase sent Plaintiff a letter advising Plaintiff that Chase was exercising its right to abandon the 2010 Acceleration, resulting in the restoration of the debt to its original maturity date.[27] Because Plaintiff offers no evidence to suggest that the letter was not effective to rescind the 2010 Acceleration, there is no genuine

---

[25]While there is authority for the proposition that acceleration becomes irrevocable by the note holder under certain circumstances, none of those circumstances are present in this case. <u>See, e.g.</u>, <u>Denbina</u>, 516 S.W.2d at 463 (stating that it "may be true" that acceleration is irrevocable "against the will of the payor," but "where the payor makes no objection" acceleration is revocable). Notably, however, two cases upon which Plaintiff relies, <u>Murphy v. HSBC Bank USA</u>, No. H-12-3278, 2014 WL 1653081 (S.D. Tex. April 23, 2014) (Harmon, J.), and <u>Callan v. Deutsche Bank Trust Co.</u>, 11 F. Supp. 3d 761 (S.D. Tex. 2014) (Harmon, J.), have been either vacated or amended. <u>See</u> <u>Murphy v. HSBC Bank USA</u>, No. H-12-3278, 2015 WL 1392789, at *11 (S.D. Tex. Mar. 25, 2015) ("The Court concludes that it erred in determining that any such actions had to be joint."); <u>Callan v. Deutsche Bank Trust Co. Americas</u>, H-13-247, 2015 WL 1296330, at *7 (S.D. Tex. Mar. 21, 2015) ("Under the facts of this case, it is not necessary to resolve the issue of the validity of notices of rescission under Texas law. . . . According to the detrimental reliance standard [applied] in the Order under consideration . . . Callan has failed to show she detrimentally relied on acceleration of her loan.").

[26]Letter, Exhibit A-20 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 101-103.

[27]Letter, Exhibit A-24 to Defendant's Motion for Summary Judgment, Docket Entry No. 16-1, pp. 114-16.

issue of material fact as to whether Chase abandoned it. Therefore no cause of action for foreclosure has accrued based on the 2010 Acceleration.

### III.  Conclusions and Order

Because the undisputed facts establish that the parties abandoned the 2008 Acceleration and that Chase effectively rescinded the 2010 Acceleration, no cause of action for foreclosure accrued as a result of either acceleration, and Chase is not barred by limitations from foreclosing on Plaintiff's property. Plaintiff/Counter-Defendant's Motion for Final Summary Judgment (Docket Entry No. 18) is therefore **DENIED**, Defendant's Motion for Summary Judgment and Brief in Support (Docket Entry No. 16) is **GRANTED**, and a judgment will be entered granting Chase declaratory relief.

**SIGNED** at Houston, Texas, this 29th day of April, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE